**UNITED STATES of America, Appellee,**

v.

**Alpha MCQUEEN, Defendant–Appellant,**

No. 01–1510.

United States Court of Appeals, Second Circuit.

Jan. 9, 2003.

Earle Giovanniello, New Haven, CT, for Appellant.

David A. Ring, Assistant United States Attorney (Shawn J. Chen, Assistant United States Attorney; John A. Danaher III, United States Attorney), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee, of counsel.

Present: CABRANES, POOLER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is hereby **AFFIRMED.**

Alpha McQueen ("defendant" or "McQueen") appeals from a judgment of conviction entered September 18, 2001, after a jury trial on the charge of conspiring to distribute one hundred kilograms or more of marijuana, in violation of 21 U.S.C. § 846[1] ("count one") and of using a firearm during and in relation to the drug trafficking activity, in violation of 18 U.S.C. § 924(c)(1) ("count two").[2] McQueen was sentenced principally to ninety-seven months of imprisonment on count one and sixty months of imprisonment on count two, each to run consecutively, five years of supervised release, and a $200 special assessment.

Defendant contends that the District Court abused its discretion when it: (1) found that defendant voluntarily waived his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and denied a pre-trial motion to suppress defendant's statements during the interrogation; (2) violated Federal Rule of Evidence 404(b) when it permitted the government to introduce witnesses' statements regarding defendant's uncharged prior criminal conduct; and (3) at sentencing incorrectly attributed a co-conspirator's restraint of a witness to defendant for purposes of increasing defendant's base offense level pursuant to United States Sentencing Guideline ("U.S.S.G.") §§ 3A1.3 and 1B1.3(a)(1)(B).[3]

The District Court properly found that defendant waived his right to counsel when he was informed of his rights at the time of his arrest and prior to the interrogation. We conclude that the Court did not err, much less clearly err, when it found that defendant answered questions voluntarily; that he did not refuse to answer questions; and that he did not request an attorney prior to answering questions.

1. 21 U.S.C. § 846 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

2. 18 U.S.C. § 924(c)(1)(A)(i) provides that a person who used a firearm in furtherance of or in relation to a drug trafficking crime shall "be sentenced to a term of imprisonment of not less than 5 years[.]"

3. U.S.S.G. § 3A1.3 states: "If a victim was physically restrained in the course of the offense, increase by 2 levels." U.S.S.G. § 1B1.3(a)(1) provides that:

> adjustments in Chapter Three, shall be determined on the basis of the following: (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> (B) in the case of a jointly undertaken criminal activity ( ... whether or not charged as a conspiracy), all *reasonably foreseeable* acts and omissions of others in furtherance of the jointly undertaken criminal activity[.]
> U.S.S.G. § 1B1.3(a)(1) (emphasis added).

Federal Rule of Evidence 404(b) was not violated when testimony regarding defendant's uncharged criminal acts was admitted because defendant's statements regarding those acts arose out of the same occurrence as the charged offense. *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (finding defendant's uncharged criminal acts were admissible because they were inextricably intertwined with the charged offense).

Finally, defendant's offense level was properly increased because co-defendant Dale Stewart's restraint of a victim was reasonably foreseeable and therefore properly imputed to defendant pursuant to U.S.S.G. § 1B1.3(a)(1)(B). *See United States v. Mulder*, 273 F.3d 91, 119 (2d Cir.2001) (remanding for particularized findings by the District Court that the acts of a co-defendant were in furtherance of the agreed upon criminal activity and were reasonably foreseeable to defendant), *cert. denied, Johnson v. United States*, 535 U.S. 949, 122 S.Ct. 1344, 152 L.Ed.2d 247 (2002).

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED in all respects.